BEFORE THE NEBRASKA COMMISSION ON JUDICIAL QUALIFICATIONS

In the matter of )
JQC 2017-019/SC 17-1159 )
)          17-1159
)
LAWRENCE E. BARRETT, )          PUBLIC REPRIMAND
County Judge for the Fourth )
Judicial District of the )
State of Nebraska, )
)
        Respondent. )



FILED

JAN 23 2018

CLERK
NEBRASKA SUPREME COURT
COURT APPEALS

Pursuant to the authority granted in Neb. Const. art. V and Neb. Rev. Stat. §24-715 (1995) *et seq.*, and following waiver of formal hearing, the Nebraska Commission on Judicial Qualifications hereby reprimands Judge Lawrence E. Barrett.

The Commission finds:

1. On February 2, 2017, Judge Barrett presided over the arraignment of a defendant on an alleged probation violation. Defendant's probation had been imposed as part of a guilty plea to the offense of reckless driving, and its terms included abstinence from possession or use of alcohol. The alleged probation violation before Judge Barrett on February 2, 2017, was based upon allegations of defendant's continued severe alcohol abuse. When Judge Barrett called the case, defendant's attorney appeared but defendant was not in the courtroom. A woman stood and identified herself to Judge Barrett as defendant's aunt, and told Judge Barrett that defendant was "passed out in the car," had been drinking alcohol all night, had downed a bottle of tequila, and

- 1 -

000093252NSC

the aunt was unable to get defendant out of the car and into the courtroom. The judge put aside the case for a few minutes to handle other matters. Approximately 15 minutes later, defendant was brought into the courtroom in a wheelchair, and Judge Barrett recalled the case. Both prosecutor and defendant's lawyer told Judge Barrett that defendant would admit to the violation of probation charge, whereupon Judge Barrett made routine inquiry of defendant and the lawyers, then accepted defendant's guilty plea, revoked probation, and imposed sentence. Immediately thereafter, defendant was taken into custody, tested at over 0.4 blood alcohol content, and was hospitalized.

2. A few days later, Judge Barrett was informed about a newspaper inquiry into the matter, and extended to defendant the opportunity to withdraw the plea and vacate the sentence, which offer was declined.

3. Based upon the representations and information available to him and upon defendant's presentation to him on February 2, 2017, Judge Barrett knew or reasonably should have known defendant was probably too intoxicated to enter a competent, knowing, and voluntary guilty plea. Judge Barrett could have and should have made additional reasonable inquiry, which inquiry would have verified that defendant was not competent to enter a plea, even if the ultimate result of such inquiry would have yielded the same legal outcome.

4. Judge Barrett's conduct set forth above violates the Nebraska Revised Code of Judicial Conduct, specifically:

§ 5-301.1: A judge shall comply with the law.

§ 5-301.2: A judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety.

§ 5-302.6(A): A judge shall accord to every person who has a legal interest in a proceeding … the right to be heard according to law.

5. Judge Barrett has no history of prior discipline and has cooperated with the Commission's investigation, thereby justifying no greater discipline than this public reprimand.

Dated this 23rd day of January, 2018.

JUDICIAL QUALIFICATIONS COMMISSION

_____
Michael G. Heavican, Chairperson

- 3 -